# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANTOINETTE BEMLEY-KENNEDY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF TENNESSEE DEPARTMENT )<br>OF HUMAN SERVICES, JUVENILE )<br>COURT CLERK OFFICE, and SHELBY )<br>COUNTY DA OFFICE, )<br>)<br>Defendants. )<br>) | Case No. 2:17-cv-2740-JPM-dkv |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

Before the Court is the Report and Recommendation filed by U.S. Magistrate Judge Diane K. Vescovo on October 18, 2017. (ECF No. 7.) With respect to Plaintiff Antoinette Bemley-Kennedy's claims against the Juvenile Court Clerk's Office or the State of Tennessee Department of Human Services, the Magistrate Judge finds that "Bemley-Kennedy has not alleged whether she has exhausted her administrative remedies with the Tennessee Department of Human Services. Even if she has, judicial review is not proper in this court because this court does not have jurisdiction over the distribution of the child support payments." (Id. at PageID 22.) With respect to Plaintiff's claims against the Shelby County District Attorney's Office, the Magistrate Judge finds that "Bemley-Kennedy's allegations are conclusory and there are no facts from which the court can infer any deprivation of constitutional rights." (Id.) Accordingly, the Magistrate Judge recommends that Plaintiff's

Complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (Id. at PageID 23.)

On October 23, 2017, Plaintiff filed a letter stating: "I apologize[.] [P]lease leave me be[.] I am minding my self with no harm intended[.] Thank you and I will follow the rules!" (See ECF No. 8.) The Court will treat Plaintiff's letter as an objection to the Report and Recommendation.

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

Plaintiff's objection to the Report and Recommendation does not address the Magistrate Judge's findings. (See ECF No. 8.) Accordingly, the Court review's the Report and Recommendation for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

On clear-error review of the Magistrate Judge's Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation in its entirety. Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED**, this 27th day of November, 2017.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE